```
 1                UNITED STATES BANKRUPTCY COURT

 2            WESTERN DISTRICT OF WASHINGTON AT SEATTLE

 3   _____
                                           )
 4   IN RE:                                )
                                           )
 5   NATURAL MOLECULAR TESTING             )
     CORPORATION,                          )
 6                                         )
              Debtor.                      )    13-19298-MLB
 7   _____)
                                           )
 8   NATURAL MOLECULAR TESTING             )
     CORPORATION, a Washington             )
 9   corporation,                          )
                                           )
10            Plaintiff,                   )
                                           )
11      v.                                 )    A13-01635-MLB
                                           )
12   CENTERS FOR MEDICARE & MEDICAID       )
     SERVICES; MARILYN TAVENNER, in her    )
13   capacity as Administrator of the      )
     Centers for Medicare & Medicaid       )
14   Services; NORIDIAN HEALTHCARE         )
     SOLUTIONS, LLC; and KATHLEEN          )
15   SEBELIUS, in her capacity as          )
     Secretary of THE UNITED STATES        )
16   DEPARTMENT OF HEALTH AND HUMAN        )
     SERVICES,                             )
17                                         )
              Defendants.                  )
18   _____

19        TRANSCRIPT OF THE DIGITALLY-RECORDED PROCEEDINGS
             BEFORE THE HONORABLE MARC L. MARRECA
20                      JUNE 19, 2014
                        ORAL RULING
21      RE:  MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

22   _____

23

24

25   PREPARED BY:  SHARI L. WHEELER, CCR NO. 2396
```

AHEARN & ASSOCIATES, INC.
ahearnandassoc@comcast.net

1                SEATTLE, WASHINGTON; JUNE 19, 2014

2                           --oOo--

3

4           (Other proceedings were had in this case but

5            are not transcribed and attached hereto.)

6                          * * * * * * *

7           THE COURT:  I'm going to grant the motion.  A

8    party may amend its complaint with the opposing party's

9    written consent or Court leave.  The Court should freely give

10   leave when justice so requires, FRCP 15(a)(2).

11              The Ninth Circuit has held that this policy is

12   to be applied with extreme liberality, Owens v. Kaiser

13   Foundation Health Plan, 244 F.3d 708, 712 (9th Cir. 2001).

14   This is especially so when the underlying facts and

15   circumstances relied upon by the plaintiff may be a proper

16   subject for relief.  The Court should allow a plaintiff to

17   modify its claims, Foman v. Davis, 371 U.S. 178, 182 (1962).

18   The Court should consider the following four factors in

19   determining the propriety of a motion to amend, and I will

20   give my analysis on each one of those as I go.  And there

21   doesn't seem to be any dispute between the parties as to the

22   appropriate four factors.

23              (1)  Bad faith.

24              I see no evidence of bad faith in the amended

25   complaint request or in the initiation of the suit.

                    (2)  Undue delay.

                    Defendants argue almost the opposite, that the motion is premature, as the order dismissing some prior claims has not been entered.  So I don't see any undue delay.

                    (3)  Prejudice to the opposing party.

                    I don't see that waiting for entry of the prior order, given that the prior order is not with prejudice as to any of the dismissed claims, that granting this motion prior to that order being entered is at all prejudicial.  And I don't see any other basis to which that deprives the defendants of the fruit of its labors as to the earlier motion to dismiss or otherwise prejudices the defendant.

                    (4)  The futility of amendment.

                    This is close on the amended turnover action, as asserting the alleged amount owed by Medicare prepetition is undisputed is somewhat inconsistent with other assertions of investigation and refusal to pay.  But I think that it is not so futile as to preclude me granting leave to amend the complaint.

                    It is asserted -- whether that assertion turns out to be factually correct or not -- but not just the postpetition claims, but the prepetition claims are undisputed.  That may turn out to be not factually true and maybe even relatively easily proven that that's not factually true.  But I think, as asserted, even if there's a little bit

```
 1  of noise in the complaint that would be inconsistent with
 2  that, I think the general elements of a turnover action are
 3  in there and that it is not, therefore, plainly futile.
 4              On the jurisdictional issues, reviewing the
 5  authority cited by the defendant, I think they are still not
 6  Ninth Circuit authority in a bankruptcy case that would
 7  indicate that there's a lack of jurisdiction.  So it still
 8  all rides on the Ninth Circuit's Town & Country decision,
 9  which I think still applies.  So until and unless Town &
10  Country is overturned, I have jurisdiction on this kind of
11  matter, even with the complaint as amended.
12              There's nothing new in the complaint.  In fact,
13  the complaint adds now a more purely core matter,
14  jurisdiction over the claims objection, that even without
15  Town and Country, I would clearly have jurisdiction over.
16  But it doesn't add any additional elements for which there's
17  some other basis for determining that I don't have subject
18  matter jurisdiction.
19              So I will grant the motion.  I will look for an
20  order from Plaintiff/Debtor to that effect.
21              Thank you.
22
23              (The ruling concluded.)
24
25
```

```
 1                          CERTIFICATE
 2
 3
 4
 5        SHARI L. WHEELER certifies that:
 6
 7        The foregoing pages represent a complete transcript of
 8   the digitally-recorded proceedings.  Some editing changes may
 9   have been made at the request of the Court.
10
11        These pages constitute the original or a copy of the
12   original transcript of the proceedings to the best of my
13   ability.
14
15        Signed and dated this 23rd day of June, 2014.
16
17
18                          by /s/ Shari L. Wheeler
19                          SHARI L. WHEELER, CCR NO. 2396
20
21
22
23
24
25
```